IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVEN D. STEWART,

                Plaintiff,

    v.

JOHN TATE, D. LACOST, S. LANDREMAN,
JENNIFER KRAMER, L. FAIT, J. WESTOVER,
A. DAVIS, and E. PEISSIG,

                Defendants.

OPINION and ORDER

25-cv-476-jdp

---

Plaintiff Steven D. Stewart, proceeding without counsel, is detained at Oakhill Correctional Institution. Defendants are former members of the parole commission, social workers at Fox Lake Correctional Institution, and members of Fox Lake's program review committee. Stewart alleges that defendants put false information about him in his parole record and relied on that false information to deny him parole. He also alleges that defendants haven't granted him parole because he is black. Stewart seeks money damages and declaratory relief.

Stewart's complaint is before the court for screening. I must dismiss any portion of Stewart's complaint that is legally frivolous or malicious, fails to state a claim for relief, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). I must accept the factual allegations in Stewart's complaint as true and interpret his complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Stewart's complaint doesn't state a claim for relief. The allegations in Stewart's complaint suggest claims for violations of his rights to due process and equal protection under the Fourteenth Amendment. Any due process claim fails because Wisconsin hasn't created a

liberty interest in parole by placing substantive limits on its own discretion in making parole decisions. *Heredia v. Blythe*, No. 19-cv-338-jdp, 638 F. Supp. 3d 984, 1003 (W.D. Wis. 2022); *Grennier v. Frank*, 453 F.3d 442, 444 (7th Cir. 2006). And the denial of discretionary parole isn't a deprivation of liberty within the meaning of the Due Process Clause. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011).

In any event, Stewart can't bring a due process claim or equal protection claim because both are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). Under the rule established in *Heck*, a state prisoner may not challenge his confinement in a suit seeking money damages and declaratory relief if a judgment in his favor would necessarily imply that the decision to confine him is invalid. *Heck*, 512 U.S. at 486–87. As relevant here, the rule in *Heck* bars a prisoner from bringing due process and equal protection claims under the Fourteenth Amendment if the claims would imply that the prisoner's conviction is invalid. *See Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 862 (7th Cir. 2004). The rule in *Heck* also applies to a parole commission's decision to deny parole and continue confining an individual. *Brown v. Hackbarth*, 445 F. App'x 865, 867 (7th Cir. 2011). *Heck* also applies even if the parole commission was deceitful or biased in making its decision. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Stewart alleges that defendants denied him parole because of false information in the record and because of his race. Ruling in Stewart's favor would necessarily imply that defendants' decision was invalid because it either lacked proper support or was discriminatory. *Heck* bars Stewart's claims. I will dismiss the case in its entirety for Stewart's failure to state a

claim upon which relief may be granted, and I will direct the clerk of court to record a strike against him under 28 U.S.C. § 1915(g).

When, as here, a plaintiff proceeds without counsel, the court of appeals has cautioned against dismissing his case without giving him a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But leave to amend doesn't have to be granted "if it is clear that any amendment would be futile." *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). *Heck* bars Stewart's complaint, so further amendment would be futile.

## ORDER

IT IS ORDERED that:

1. Plaintiff Steven D. Stewart's complaint, Dkt. 1, is DISMISSED with prejudice because it fails to state a claim.

2. The clerk of court is directed to enter judgment and close the case.

3. The clerk of court is directed to record a strike under 28 U.S.C. § 1915(g) against Stewart.

Entered March 24, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge